# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHELLE RENE LICHT,         )
                             )
    Plaintiff,           )
                             )
v.                           )  Case No. CIV-09-00012-M
                             )
BETA ETA CHAPTER OF KAPPA    )
ALPHA ORDER,                 )
                             )
    Defendant.           )

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support, filed April 4, 2009. On April 27, 2009, Plaintiff Michelle Rene Licht filed her response, and on May 11, 2009, Defendant filed its reply.

I.    Introduction

Defendant is a fraternity located on the campus of the University of Oklahoma. Plaintiff, Michelle Licht ("Licht"), was employed by Defendant as a cook. Licht was hired for the 2007-2008 school year and was responsible for preparing nine buffet style meals per week for approximately 30 active chapter members who lived in the fraternity house. Licht began working for Defendant in August 2007, where she worked between 48 and 50 hours a week and was paid a salary of $600.00 bi-weekly.

Licht continued to work as a cook until she sustained a work injury on February 6, 2008. Licht was determined physically unable to perform her duties as a cook, and Defendant consequently hired a new cook to continue to prepare the meals for its members. In April 2008, Licht contacted the chapter advisor to notify him that she was able to return to her position as cook; however, the advisor informed her that the position was no longer available.

Licht filed the instant action on January 7, 2009, and subsequently filed an amended complaint on March 30, 2009, alleging violations of the Fair Labor Standards Act ("FLSA") and the Oklahoma Workers' Compensation Act ("WCA"). Specifically, Licht alleges that Defendant failed to pay overtime compensation due under the FLSA. 29 U.S.C. § 207. Additionally, Licht alleges a violation of Okla. Stat. tit. 85 for Workers' Compensation retaliation.

II.   Standard of Review

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack challenges the sufficiency of the complaint, and a district court must accept the allegations in the complaint as true. *Id.* A factual attack, on the other hand, goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id.* at 1003. A factual attack requires a court to look beyond the complaint and provides a court with wide discretion "to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* Here, Defendant has asserted a factual attack as to the Court's subject matter jurisdiction over Licht's FLSA claim.

III.  Discussion

   A.   FLSA Claim

In a factual attack, "A court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion . . . when resolution of the jurisdictional question is intertwined with the merits of the case." *Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l. Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). The jurisdictional questions are intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the

2

substantive claim. *Id.*

In this case, for the Court to have subject matter jurisdiction over Licht's claim and for Licht to be entitled to overtime compensation, she must prove that she or her employer falls under the coverage of the FLSA. 29 U.S.C. § 207(a)(1). Coverage under this act includes "employees who [are] . . . engaged in commerce or in the production of goods for commerce, or [an employee who is] employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.*

Defendant asserts that it is not an enterprise engaged in commerce, and that Licht, employed as a cook for Defendant, is not an employee engaged in interstate commerce. Because the question of subject matter jurisdiction under 29 U.S.C. § 207(a)(1) is intertwined with the substantive claim of whether Defendant is an enterprise engaged in interstate commerce or whether a cook in a fraternity house is an employee engaged in interstate commerce, the Court must convert the Rule 12(b)(1) motion to a Rule 12(b)(6) motion.

The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires

3

the reviewing court to draw on its judicial experience and common sense." *Id.* Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do. Nor does a complaint suffice if it tenders 'naked assertions devoid of further factual enhancement.'" *Id.* (citations omitted).

To establish a claim for relief of overtime compensation under the FLSA, Licht must prove, at the outset, coverage under the FLSA. 29 U.S.C. § 207(a)(1). Coverage under this act includes "employees who . . . [are] engaged in commerce or in the production of goods for commerce, or [an employee who is] employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.*

### 1. Employee Engaged in Commerce or Production of Goods for Commerce

An employee is engaged in commerce when the employee does "work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) 'among the several States or between any State and any place outside thereof.'" 29 C.F.R. § 776.9. Having reviewed the parties' submissions, the Court finds Licht, employed as a cook by Defendant, was not employed in an industry serving as an actual instrumentality or channel of interstate and foreign commerce because Defendant engaged only in social and scholastic activities and did not engage in any commercial business. *See* 29 C.F.R. § 776.10(a); Affidavit of Les Ille, attached as Exhibit 1 to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support at ¶ 3. Additionally, the Court finds Licht's work was not an "essential part of the stream of interstate or foreign commerce," 29 C.F.R. § 776.10(b), and Licht did not perform "work in the maintenance, repair, or improvement of existing instrumentalities of commerce." 29 C.F.R.

4

§ 776.11(a).

Rather, Licht, as a cook for Defendant, prepared meals for members of the fraternity, consulted with the house mother regarding weekly menus, and cleaned any cookware or utensils she had used during the preparation of the meals. Affidavit of Les Ille, attached as Exhibit 1 to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support at ¶ 9. Plaintiff engaged in work "less immediately related to the functioning of instrumentalities of commerce," that was "too remote from interstate or foreign commerce to establish coverage" under 29 U.S.C. § 207. 29 C.F.R. § 776.11(b)-(c).

Additionally, whether an employee is engaged in the production of goods is determined by "the definitions which Congress has supplied to make clear what is meant by 'production,' by 'goods,' and by 'commerce,'" as stated in 29 U.S.C. § 203. 29 C.F.R. § 776.14. Considering these definitions, there are "three interrelated elements of coverage to be considered in determining whether an employee is engaged in the production of goods for commerce." *Id.* Those elements include (a) production, (b) production of goods, and (c) production of goods for commerce. *Id.*

Having reviewed the parties' submissions, the Court finds Licht does not fall under the FLSA's coverage because, as a cook, she did not "produce" goods for interstate commerce. Likewise, the Court finds Licht did not produce "goods" because "goods . . . does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(i). The meals prepared by Licht did not continue in the stream of commerce as the Chapter members were the ultimate consumers.

The Court, therefore, finds that Plaintiff is not an employee engaged in commerce or the production of goods for commerce under 29 U.S.C. § 207(a)(1).

5

2. Enterprise Engaged in Commerce or Production of Goods for Commerce

An employer is an enterprise engaged in commerce or production of goods for commerce if it "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person . . . and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1).

Having reviewed the parties' submissions, the Court finds Defendant did not have employees engaged in commerce or the production of goods for commerce as Defendant employed only Licht, the house mother, and the kitchen manager. Affidavit of Les Ille, attached as Exhibit 1 to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support at ¶ 12. Additionally, the Court finds Defendant is not an "enterprise" as defined above because Defendant's annual gross volume of sales made or business done is less than $500,000, it receives only room and boarding fees of members as revenue, and the annual revenues in 2007 and 2008 were far less than $500,000. *Id.* The Court, therefore, finds that Defendant is not an enterprise engaged in commerce or the production of goods for commerce for purposes of 29 U.S.C. § 207(a)(1).

3. Domestic Service Exception

Licht contends that because she was employed as a cook for Defendant, coverage under the FLSA is proper pursuant to the domestic service exception. 29 U.S.C. § 207(l) provides the following: "No employer shall employ an employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with [29 U.S.C. § 207(a)]." 29 U.S.C. § 207(l).

29 C.F.R. § 552.3 further states:

> [T]he term domestic service employment refers to services of a household nature performed by an employee in or about a private home . . . of the person by whom he or she is employed. The term includes employees such as cooks, waiters . . . maids, housekeepers . . . janitors . . . gardeners . . . and chauffeurs of automobiles for family use.

29 C.F.R. § 552.3.

Although § 552.3 includes cooks, the Court finds that because Defendant is not a private home, Licht is excluded from coverage under the domestic service exception. 29 C.F.R. § 552.101(a)-(b) states the following:

> [Domestic service] includes persons who are frequently referred to as "private household workers." The domestic service must be performed in or about the private home of the employer whether that home is a fixed place of abode or a temporary dwelling as in the case of an individual or family traveling on vacation. . . . Employees employed in dwelling places which are primarily rooming or boarding houses are not considered domestic service employees. The places where they work are not private homes but commercial or business establishments.

29 C.F.R. § 552.101(a)-(b) (citations omitted).

Having reviewed the parties' submissions, the Court finds Defendant is not a private home for purposes of the domestic service exception. The Court finds Defendant is equivalent to dwelling places that are "primarily rooming or boarding houses" and whose employees "are not considered domestic service employees." Additionally, the Department of Labor Field Operations handbook contains a provision instructing its agents on how to find "enterprise" coverage for cooks in fraternity houses. Department of Labor Field Operations Handbook Section 12g09 *available at* http://www.dol.gov/whd/FOH/index.htm. The Court finds that if the domestic service exception in the FLSA applied to cooks in fraternities, there would be no need for the Department of Labor Field Operations handbook to instruct agents on how to find enterprise coverage for such employees.

####  4. Conclusion

As set forth above, Licht has failed to establish coverage under the FLSA. Licht requests additional time to amend her complaint to cure any errors; however, the Court finds that no amendment could cure the deficiencies in Plaintiff's Amended Complaint. The affidavit, submitted as Exhibit 1 to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support, proves that Defendant cannot qualify for enterprise coverage under the FLSA because its annual income is substantially less than $500,000. Additionally, as set forth above, Licht cannot qualify as an employee engaged in interstate commerce because as a cook, she did not "produce" goods for interstate commerce. Finally, Licht cannot allege additional facts to prove she falls within the domestic service exception because Defendant is not considered a "private home" within the meaning of 29 C.F.R § 552.101.

### B. State Law Workers' Compensation Claim

Upon review of the Amended Complaint, the Court finds that the remaining Workers' Compensation claim in this case is based upon state law. Licht has not shown coverage under the FLSA to establish subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331. As the FLSA claim is no longer before the Court, and it was the sole basis for this Court's original jurisdiction, the Court declines to exercise jurisdiction of the remaining claim and dismisses it without prejudice pursuant to 28 U.S.C. § 1367(c).

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Fed. R. Civ. P. 12(b)(6) [docket no. 10], DISMISSES Licht's FLSA claim for failure to state a claim upon which relief can be granted, and DECLINES to entertain jurisdiction

over Licht's state law Workers' Compensation claim.

**IT IS SO ORDERED this 22nd day of February, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE